[J-39-2017] [MO: Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. 102 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 1021 CD |
| | : | 2014 dated April 19, 2016 Affirming the |
| | : | Order of the Monroe County Court of |
| $34,440.00 U.S. CURRENCY | : | Common Pleas, Civil Division, at No. |
| | : | 11208 Civil 2009 dated May 15, 2014, |
| | : | exited May 16, 2014. |
| APPEAL OF: RAFAEL FALETTE | : | |
| | : | ARGUED: May 9, 2017 |

## DISSENTING OPINION

**JUSTICE MUNDY**                                      **DECIDED: December 19, 2017**

I agree with Chief Justice Saylor that Section 6802(j) of the former Controlled Substances Forfeiture Act ("Forfeiture Act"), 42 Pa.C.S. § 6802(j) (repealed), provides the sole basis to challenge the conclusion of the rebuttable presumption set forth in Section 6801(a)(6)(ii) (repealed).

I write separately only to note that in this case the trial court determined that Rafael Falette failed to establish: (1) he was the owner of the currency; (2) the currency was lawfully acquired; and (3) he did not unlawfully use or possess the currency. *See* 42 Pa.C.S. § 6802(j) (repealed). The trial court reached this conclusion because it determined that Falette's testimony that he received the money in exchange for settling a lawsuit, and that he placed the cash in the b-pillar of someone else's car in order to impress his friends and have easy access to cash was "illogical and devoid of any credibility." Trial Court Order, 5/15/14, at 2. "Generally, in an appeal from a forfeiture

proceeding, the appellate court's review is limited to determining whether the findings of fact made by the trial court are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. $6,425.00 Seized from Esquilin*, 880 A.2d 523, 529 (Pa. 2005). We are further guided by the principle that an appellate court cannot substitute its judgment for that of the finder of fact on matters of credibility. *Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004).

In requiring Falette to challenge the rebuttable presumption by the exclusive means of Section 6802(j), I believe the trial court properly identified the relevant law. Based on the trial court's credibility determinations, which we must accept on appeal, the trial court applied the facts to the law and concluded that Falette failed to establish the innocent owner defense.

Finding no error of law or abuse of discretion, I would affirm the order of the trial court. Accordingly, I respectfully dissent.